*303 The opinion of the court was delivered by
Tilghman, C. J.
When the plaintiffs suffered a nonsuit on their appeal, the report of the arbitrators remained in full force, and had the effect of a judgment. The question is, then, whether one verdict and judgment, and one report of arbitrators in favour of the same party, be a bar to another ejectment by the other party? The act of assembly on which the case depends (section 4,) is in the following words: “Where two verdicts shall, in any writ of ejectment, between the same parties, be given, in succession, for the plaintiff or defendant, and judgment be rendered thereon, no new ejectment shall be brought; but where there may be verdict against verdict,.between the same parties, and judgment thereon, a third ejectment in such cases, and a verdict and judgment thereon, shall be final and conclusive, and bar the right,” This section is drawn with great care and caution, because the object was, to deprive one of the parties in ejectment of a right which had been enjoyed before, of bringing a third ejectment, after, the loss of two verdicts and two judgments. The intention is clearly expressed, that to bar the right there must not only be two verdicts, but a judgment on each of them, and not only two judgments, but a verdict preceding each of them. A judgment by default would not be within the meaning of the law, because such judgments are rendered without any trial, and the right was not to be barred, unless the cause was twice decided by a jury. A jury trial gives each party an opportunity of introducing the merits of his ease, and, in general, verdicts are founded on the merits. But the defendants rely on the act of the 20th of March, 1810, 5 Sm. L. 131, by which either party may compel the other to submit the cause to arbitrators, whose .report, (by the tenth section of the act,) when entered on the docket of the prothodotary, has the effect of a judgment. Is this equal to a judgment on a verdict? It is,not within the words of the act of April, 1807, because there has not been a verdict and a judgment thereon. Then why should this court construe the act hy equity, for the purpose of barring a common law right? Nothing, certainly, could justify such a construction, but the manifest spirit of. the law. Now, it appears to me that the report of arbitrators is not, in spirit, by any means equal to a verdict and judgment.' An arbitration, under the act of 1810, is forced upon the party, and the arbitrators decide both fact and law, without the assistance of the court. Neither, when their report is once returned, can they be requested to reconsider it. . Nor is there any opportunity of correcting errors, to which the best and most intelligent men are subject. A writ of error does indeed lie on the report of arbitrators. But, as you are confined to errors appearing on the record, if the award is good on its face, there is no chance for redress, the proceedings before the arbitrators not being entered of record. They may have fallen into, the'grossest errors, and yet nothing is seen of them. How different is the case of a verdict *304 and judgment! Before the jury retire to consider the cause, they hear the arguments of counsel, and receive instructions front the court in all matters of law. And if the court errs in the admission or rejection of evidence, or in its opinion on any point of law, the mistake may be corrected by a superior tribunal. Arid, besides, on a motion for a new trial, if it appear that either court or jury have been wrong on the first impression, which is often the case, the qause may be submitted to another jury, when the matter being more fully canvassed and understood, there is the strongest probability of a proper decision. I am quite clear; therefore, that the report of arbitrators, under the act of 1810, cannot be considered as equal to a verdict and judgment, under the act of April, 1807. I give-no opinion on the effect of an award of referees under the act of 1705, (1 Sm. L. 49,) and a judgment entered thereon. It is different from the case before us, because the act of 1705 expressly enacts, that the award “ being approved of by the court, and entered on the record, shall have the same effect, and shall be deemed and taken to be as available in law, as a verdict given by twelve men”
I am of opinion, that the judgment in the present case should be reversed, and a venire de novo awarded.
Judgment reversed, and a venire facias de novo awarded.